# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00118-CR

## Ex parte Joseph Martinez

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-03-787-HC, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Joseph Martinez's first trial for aggravated assault in Hays County cause number CR-03-787 ended in a mistrial on his motion. In this habeas corpus proceeding, Martinez seeks to bar his retrial on double jeopardy grounds. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14; *see also Ex parte Robinson*, 641 S.W.2d 552, 554-55 (Tex. Crim. App. 1982). The district court denied relief, and we will affirm the order.

When a trial ends in a mistrial on the defendant's motion, double jeopardy principles forbid a second trial if: (1) the mistrial motion was provoked by manifestly improper prosecutorial misconduct, (2) the mistrial was required because the prejudice resulting from the misconduct could not be cured by an instruction, and (3) the prosecutor either intended to goad the defense into requesting a mistrial or consciously disregarded a substantial risk that a mistrial would be required. *Ex parte Peterson*, 117 S.W.3d 804, 816-17 (Tex. Crim. App. 2003) (citing *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982), and *Bauder v. State*, 921 S.W.2d 696, 699 (Tex. Crim. App. 1996)). The

burden is on the habeas corpus applicant to prove all three elements by a preponderance of the evidence. *Id*. at 818. We review the trial court's ruling for an abuse of discretion, deferring to that court's express or implied findings of fact but reviewing de novo mixed questions of law and fact that do not depend on credibility and demeanor. *Id*. at 819.

Martinez offered no evidence at the hearing below, being content to rely on the record from the first trial. The court denied relief after hearing argument from both parties and without making express findings.

The record from the first trial is part of the habeas corpus record.[1] Before trial began, the court granted a motion in limine prohibiting the introduction of extraneous crime or misconduct evidence without first obtaining a ruling on its admissibility outside the jury's presence. The State's first witness was the police officer who responded to the complainant's report of an assault by her boyfriend, whom she identified as Martinez. The officer was asked by the prosecutor, "Do you recall whether during your conversations with [the complainant] whether or not she told you a knife was involved in the assault?" He answered, "[She] didn't tell me a knife had been involved in this assault." The prosecutor continued, "Okay. She told you about being hit?" The officer replied, "She told me—she told me previously that her boyfriend had been—had been incarcerated." The defense objected and moved for a mistrial, urging that the witness had been instructed regarding the terms of the motion in limine and had deliberately violated it. The court found no bad faith on the part of the officer, but granted the mistrial after determining that an instruction would not cure the prejudice.

---

[1] The trial was before the Honorable Charles R. Ramsay, who also signed the written order denying habeas corpus relief. The habeas corpus hearing was held before the Honorable Fred Moore.

2

Martinez has failed to prove the first element of his double jeopardy claim. The prosecutor's question, "She told you about being hit?" was not calculated to adduce evidence of an extraneous crime or act of misconduct and could have been answered with a simple "yes" or "no." The question cannot be deemed manifestly improper merely because the witness gave a nonresponsive, objectionable answer. The officer's nonresponsive answer was completely consistent with inadvertence.

In the absence of a showing of manifestly improper prosecutorial misconduct, the district court's denial of relief was not an abuse of discretion and is affirmed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: November 17, 2005

Do Not Publish